UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| Michelle L. Vieira, Chapter 7 Trustee for Kathy JoAnn Salyers, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C/A: 4:16-3505-BHH-TER<br><br>ORDER |
| Appellee, |  |  |
| vs. |  |  |
| Ricky J. Salyers, |  |  |
| Appellant. |  |  |

The above-captioned case is a *pro se* appeal from the United States Bankruptcy Court for the District of South Carolina. The docket number for the bankruptcy court action is Case No. 15-02095-dd that adversary case number 16-80146-dd arises from. The parties must use the civil action number listed above (C/A No. 4:16-cv-3505-BHH-TER) when they file subsequent briefs, motions, or other documents in this case.

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 158. Appellant filed a Notice of Appeal in the United States Bankruptcy Court for the District of South Carolina on October 27, 2016. Pursuant to Fed. R. Bankr. P. 8003, the Notice of Appeal was transmitted to this Court on October 28, 2016. Appellant paid the filing fee.

**TO THE APPELLANT**:

The United States Bankruptcy Court for the District of South Carolina has noted on its docket and by letter to the Appellant that the Appellant's Designation of Record is due by November 10, 2016, to be filed by the Appellant with the bankruptcy clerk and to be served on the Appellee. Appellant is directed to file its Designation of Record pursuant to Fed. R. Bankr. P. 8009. Rule 8009 specifically lists what must be included in the record on appeal and addresses ordering of any transcript.

**If Appellant does not file his designation of items to be included in the record on appeal and a statement of the issues to be presented, Appellant's Notice of Appeal is subject to involuntary dismissal by the district court pursuant to Fed. R. Bankr. P. 8003(a)(2).**

Upon the Appellant completing her duties under the Rules, the bankruptcy clerk must transmit the record to the clerk of this Court pursuant to Rule 8010 and then the clerk of this Court must enter information on the docket regarding receipt of the record and promptly notify all parties to the appeal.

Upon the docketing of notice that the record has been transmitted or is available electronically in the district court, the Appellant must serve and file a brief within 30 days of the docketing of the notice that the record has been transmitted or is available electronically. (Rules 8011, 8014, and 8015 address filing and form of Briefs). Pursuant to Rule 8018, then the Appellee must serve and file its brief within 30 days after service of Appellant's brief.  The Appellant may serve and file a reply brief within 14 days after service of the appellee's brief, but a reply brief must be filed at least 7 days before scheduled argument unless the district court, for good cause, allows a later filing.

Importantly, if Appellant fails to file a brief on time, the District Court, after notice, may dismiss the appeal on its own motion.

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any brief, motion, or document filed in this case must be served on Appellees.  Unless otherwise ordered, service of subsequently filed documents on a party represented by an attorney is made on the attorney.  Service on an attorney who has made an appearance in this court is effected by the court's Electronic Case Filing system through a computer generated notice of electronic filing.  However, prior to Appellee's attorney making an appearance in this court, Appellant must serve Appellee with any brief, motion, or other document, and must file a certificate of service that states who was served, what document was served, and how the document was served.

Appellant is a *pro se* party in this case. Therefore his attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised **in writing** (**Post Office Box 2317, Florence, South Carolina 29503)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you.  If as a result of your failure to comply with this Order, you fail to file something you are required to file within a deadline set by a United States District Judge or a United States Magistrate Judge, your case may be negatively impacted.  Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket numbers of all pending cases you have filed with this Court.  Your failure to do so will not be excused by the court.

    IT IS SO ORDERED.

                                              s/ Thomas E. Rogers, III
                                              Thomas E. Rogers, III
November 2, 2016                      United States Magistrate Judge
Florence, South Carolina

**Appellant's attention is directed to the important WARNING on the following page.**

# IMPORTANT INFORMATION ....PLEASE READ CAREFULLY
## WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(Filings Made Under Seal) and (e) (Protective Orders).